UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD EISEN,                    :
                                  :
        Plaintiff,                :
                                  :
V.                                :   CASE NO. 3:05-CV-1440(RNC)
                                  :
PULASKI FURNITURE CORP.,          :
                                  :
        Defendant.                :


RULING AND ORDER

Plaintiff, a Connecticut resident, brought this action in state court against defendant, a Virginia corporation, seeking to recover for breach of contract, unjust enrichment and promissory estoppel, based on defendant's alleged failure to compensate him for his services as a free-lance furniture designer in accordance with an agreement made by the parties in North Carolina. Defendant removed the action based on diversity jurisdiction and now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted, and for improper venue under 28 U.S.C. § 1391(a).  (Doc. #4)  In the alternative, defendant moves pursuant to 28 U.S.C. § 1404(b) for a discretionary transfer of the action to the Western District of Virginia for the convenience of the parties and witnesses.  For the reasons stated below, the motion to dismiss is denied and the motion transfer is granted.

I.   Discussion

    A.   Motion To Dismiss under Rule 12(b)(6)

    Defendant contends that the complaint must be dismissed for failure to state a claim on which relief can be granted due to what it characterizes as a "contradiction" between the complaint's allegations concerning the terms of the parties' agreement and the contents of a letter attached to the complaint as an exhibit, which plaintiff prepared and sent to defendant soon after the alleged agreement was made, outlining the agreement's terms.  More specifically, defendant argues that the complaint's allegation of an agreement to pay the plaintiff $1,050,000 per year for five years is contradicted by statements in the letter indicating that $1,050,000 was to be paid to him for only one year, and that otherwise commissions were to be paid to a design team consisting of plaintiff and a man named Jeff Blaesing, who would split the commissions 60/40.  Plaintiff responds that the letter is consistent with the agreement alleged in the complaint.

    To plead a claim in federal court, a plaintiff need only provide a short, plain statement giving fair notice of what the claim is and the grounds on which it rests.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2).  A claim may be dismissed at the pleading stage "only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations." <u>Swierkiewicz v. Sorema
N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hishon v. King &
Spalding</u>, 467 U.S. 69, 73 (1984)).  "This simplified notice
pleading standard relies on liberal discovery rules and summary
judgment motions to define disputed facts and issues and to
dispose of unmeritorious claims." <u>Id.</u> at 512.

Judged in accordance with the <u>Conley</u> standard, the complaint
is not subject to dismissal.  Whatever tension may exist between
the complaint's allegation of a fixed compensation agreement for
five years and the terms of the letter, it is not clear that the
letter necessarily precludes the plaintiff from recovering under
one or more of the legal theories advanced in the complaint.  If
anything, the parties' conflicting arguments highlight the need
for further proceedings to facilitate a just adjudication on the
merits.  Accordingly, the motion to dismiss on the basis of the
asserted contradiction between the allegations of the complaint
and the statements in the letter is denied.

B.  <u>Motion to Dismiss for Improper Venue</u>

Defendant contends that venue is improper in Connecticut
under 28 U.S.C. § 1391(a) because it does not reside here and the
acts giving rise the case occurred elsewhere.  Plaintiff responds
that venue is proper in Connecticut under § 1391(a) because this
is where he performed his design services and received payment
for them and, in addition, because this court has personal

3

jurisdiction over the defendant under Connecticut's long-arm statute.  In removed cases, venue is governed by the removal statute, not 28 U.S.C. § 1391.  See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2d Cir. 1998)(removing defendant "may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there.").  Under the removal statute, venue is proper in "the district court . . . for the district . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2000).  This requirement is satisfied.  Accordingly, the motion to dismiss for improper venue is denied.

C.   Motion For Discretionary Transfer

Under 28 U.S.C. § 1404(a), the court has discretion to transfer the action to the Western District of Virginia, where it could have been brought originally, if the transfer will serve "the convenience of parties and witnesses."  The relevant factors include the availability of process to compel witnesses to testify, the location of relevant documents, the locus of the operative facts, the relative means of the parties, the plaintiff's choice of forum, and the interests of justice.  A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 305 (D. Conn. 2005).  The moving party has the burden of demonstrating that transfer is justified.  Id.

4

Balancing these factors, I agree with defendant that the action should be transferred.  Defendant states that Jeff Blaesing is a "reluctant witness." (Def.'s Mem. Supp. Mot to Dismiss or Transfer Venue at 12)  As a Virginia resident, he is not within the range of the subpoena power of this court but could be subpoenaed to appear in the Western District of Virginia.  The existence of a material witness who is not within the subpoena power of the court weighs in favor of a transfer.  See A Slice of Pie Prods., LLC, 392 F. Supp. 2d at 308; see also U.S. Surgical Corp. v. Imagyn Medical Techs., Inc., 25 F. Supp. 2d 40, 46 n. 8 (D. Conn. 1998).  Perhaps recognizing this, plaintiff denies that Blaesing is a material witness.  The court's obligation to credit plaintiff's factual allegations does not require it to uncritically accept this assertion of Blaesing's importance as a witness.  Given the nature of the case and the letter attached to the complaint, I conclude that Blaesing must be regarded as a material witness for purposes of the present ruling.

The locus of operative facts also weighs in favor of transferring the action because the majority of the events giving rise to plaintiff's claim occurred outside of Connecticut.  See Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC, 294 F. Supp. 2d 218, 220 (D. Conn. 2003).  The parties initially discussed revising plaintiff's compensation agreement in Virginia.  The

parties later finalized the compensation agreement in North Carolina.  It is undisputed that all the designs to which the agreement relates were manufactured in Virginia.

Plaintiff argues that his choice of forum should be honored because he did his design work at his home in Connecticut and was paid there.  In the context of this case, these factors are insufficient to shift the locus of operative facts to Connecticut and, accordingly, plaintiff's preference for this forum is not controlling.  See Charter Oak Fire Ins. Co., 294 F. Supp. 2d at 220 (plaintiff's choice of forum has less weight "where the case's operative facts have little connection with the chosen forum") (internal quotation omitted).

Plaintiff also points out that he has relevant documents in his possession in Connecticut.  Though relevant, this factor is relatively insignificant.  See A Slice of Pie Prods., LLC, 392 F. Supp. 2d at 308 ("[a]lthough the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage deprive this issue of practical or legal weight."); see also Leasing Serv. Corp. v. Patterson Enters., Ltd., 633 F. Supp. 282, 285 (S.D.N.Y. 1986) (Walker, J.) (noting that the "relative ease of transporting plaintiffs' documentary evidence, not said to be voluminous, to Mississippi, compared with the burden of transporting the Mississippi witnesses to New York, is clear").

6

II.  <u>Conclusion</u>

Accordingly, defendant's motion to dismiss is hereby denied, and defendant's motion to transfer is granted.  (Doc. #4)  The Clerk is directed to transfer the action to the United States District Court for the Western District of Virginia.

So ordered.

Dated at Hartford, Connecticut this 4th day of April, 2006.


_____\s_____
Robert N. Chatigny
United States District Judge